The opinion of the court was delivered by
Nicholls, O. J.
The defendant, charged with murder, was found guilty and sentenced to death. The appeal taken presents to us but one single question.
Oounsel of the accused asked the court to charge the jury that “even if the killing be proved, and that the prisoner at the bar did it, that does not permit the law or the jury to presume malice.”
The bill of exceptions states that “the court refused to give the charge, in the words quoted, and a qualified charge was given, whereupon counsel reserved this bill, and submitting same to the attorney for the State and found correct was given to the court.”
The court added to the bill the following words •
“The court gives the requested charge with the following modification and in the following language: ‘ Formerly it was the law that the proof of the killing by the accused raised a presumption of malice, but such is no longer the law.; that from the jmere proof of the killing bjr the accused, malice is not to be presumed as a matter of- law or by the jury, but when the facts and circumstances of the killing are placed in evidence before the jury, and there'are no accompanying palliating or extenuating circumstances, the jury may infer malice.’
This qualified charge (says the judge) is to be taken in connection with the general charge,, which was not. excepted to, in which *1405 the court had fully instructed the jury as to what constituted the ¿rimé Of murder, including a full definition of express and implied malice and the manner of proving it; and that it was'incumbent oh the State to prove all the necéésary'elements' goifig to constitute the crime of murder,- as defined, beyond a reasonable doubt. ’ The evidence showed a killing without any extenuating circumstances.”
As the bill is drawn the objections of the- appellant seem- to be directed to the refusal of the judge to charge exactly, in the words of the counsel, rather than to the correctness of the charge as actually given. We think the charge as requested to be made was correctly-refused .to be given. ■ The -idea which counsel-intended to convey was, as stated in the proposed instruction to the jury, calculated to mislead it.' The principle attempted to be announced was entirely too broadly stated.
Assuming, however, that the bill was designed to reach the charge as actúa ly made, we do not think that appellant has'any ground of complaint.
We think the instructions to the jury such as were approved by this court in State vs. Trivas, 32 An. 1090.
In that case the court, after referring to the fact that at one time it was held that- -from the -mere proof- that -a deceased person had been killed by the accused, malice is presumed by the law from the fact of killing, that declared “experience in criminal practice has compelled the courts of this country to modify and materially relax the vigor of the common law rule on this point; and recognizing that frequently the excuse for the deed apparent on the evidence offered to prove the homicide, the courts have shaped the rule so as to conform with undeniable experience. These mild and able modifications were considered and adopted by our immediate predecessors in the case of the State vs. Swayze, 30 An. 1323, and we shall now be guided by the rule which requires the judge to charge that malice is presumed from the proof of the homicide when such proof is unaccompanied by circumstances of extenuation.
“ The jury may be instructed to weigh and consider all the circumstances arising from or connected with the evidence proving the homicide, and that the presumption of the innocence of the accused must yield to the presumption of malice or deliberate intent only when the evidence is unaccompanied by circumstances showing alleviation, justification or excuse.”
*1406 The general charge was not required to be given in writing nor excepted to and is only referred to in a general way by the District Judge in the bill of exceptions.
We have every reason to believe that through the general charge and the special charge given to it, the jury was fully advised of the law in the case.
Judgment affirmed.